## In re KALMANOWITZ et al.

### (District Court, E. D. New York. January 29, 1914.)

1. BANKRUPTCY (§ 136*)—ADMINISTRATION OF ESTATE—RECOVERY OF ASSETS.

Where proceedings by a trustee as originally instituted combined a claim that the present business conducted by the bankrupts' wives was a subterfuge for the concealment of assets from the bankrupts' creditors, with a claim that the bankrupts had concealed the assets of their previous business, but it appeared that the only concealment of assets was by the bankrupts themselves, the proceeding could be maintained only as one to compel the bankrupts to account for the assets which they previously possessed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. § 136.*]

2. BANKRUPTCY (§ 136*)—ADMINISTRATION OF ESTATE—CONCEALED ASSETS.

An application to compel bankrupts to turn over concealed property was not maintainable, where neither the report of the commissioner nor the proof accurately showed just what or how much property had been concealed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. § 136.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. BANKRUPTCY (§ 136*) — ADMINISTRATION OF ESTATE — RECOVERY OF CON-
CEALED PROPERTY—CONTEMPT.
    Where creditors seek to recover withheld assets or their value, the bur-
den is on them to present evidence clearly establishing at least a minimum
value, and they cannot supply lack of such proof by seeking to hold the
bankrupts liable to imprisonment for failure to obey the orders of the
court to surrender such property.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec.
Dig. § 136.*]

4. BANKRUPTCY (§ 136*)—WITHHELD ASSETS—CONTEMPT.
    Punishment for bankrupts' failure to satisfactorily account for assets
unless pursuant to a prosecution under criminal statutes can only be im-
posed as a result of the contempt proceeding, which can only be sustained
on proof of a failure to comply with a definite order requiring the sur-
render of some describable assets.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235;
Dec. Dig. § 136.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Kal-
man Kalmanowitz and another. Proceeding by the trustees to recover
certain assets from the wives of the bankrupts, and to compel the bank-
rupts to deliver the same to the trustees. Remanded for further pro-
ceedings.

Henry B. Singer, of New York City, for trustee.
Abraham Vogel, of New York City, for bankrupts.

CHATFIELD, District Judge. [1] The proceeding as originally
instituted combined a claim that the present business conducted by the
wives of the bankrupts was really a subterfuge for the concealment of
assets to which the creditors of the bankrupts were entitled, with a
claim that the bankrupts had concealed the assets of their previous
business.

The report of the special commissioner and the previous record
show that any concealment of assets was by the bankrupts themselves.
The proceeding can be maintained, therefore, only as one to compel
the bankrupts to turn over or account for the assets which they pre-
viously possessed, and the proof does not justify an order (in place of
an equity action) taking the property in the hands of the wives, upon
the theory that their title is fraudulent. To this extent the report of
the commissioner should be confirmed.

[2] As to the application to compel the bankrupts to turn over prop-
erty, neither the report of the commissioner nor the proofs show ac-
curately just what and how much property was concealed; and, while
the finding that the bankrupts have not explained the disappearance of
what assets they appear to have had is supported by the testimony, it
is impossible to make an order directing them to turn over any specific
amount, or any definitely described assets.

[3] If the object sought is to obtain an order directing the bank-
rupts to disclose what they did with the property which has disap-
peared, then the present record would justify an order directing fur-
ther accounting, and punishment for failure to account might follow.
If, however, the creditors undertake the burden of proving that cer-

tain assets have disappeared, and seek to recover those assets or their value, they must present evidence clearly establishing a minimum value at least.  They cannot supply the lack of proof by seeking to get the bankrupts liable to imprisonment for failure to obey the orders of the court.

[4] Punishment for failure to satisfactorily account for assets (unless prescribed and prosecuted under the criminal statutes) can be imposed only as a result of a contempt proceeding.  In a proceeding to compel the turning over of property, however, some definite order, that some describable assets should be turned over, is necessary before contempt of that order can occur.  The two proceedings should be kept distinct.

In the present matter, the creditors will be allowed to take further testimony, or present definitely to the court proof of just what property it is now alleged the bankrupts concealed.  Owing to the changes upon these issues (as shown upon the argument of the motion) from the questions of fact passed upon by the commissioner, his findings upon these questions will be disregarded, and the issue of what property the bankrupts should be ordered to turn over, or for which they must account, will be taken up on the complete record, including the testimony now ordered taken.

The bankrupts and any other witnesses desired will be ordered to appear in court to proceed with the hearing.